IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | CASE NO. BK05-83978 |
| ) | A06-8095-TJM |
| LAURIE LEE MOORE, ) | |
| ) | CH. 7 |
| <u>               Debtor(s).         </u> ) | |
| LAURIE LEE MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| EDUCATION, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

      Hearing was held in Omaha, Nebraska on June 23, 2008, regarding Filing #42, Motion to Dismiss Adversary Proceeding, filed by the U.S. Department of Education, and Filing #45, Objection, filed by Laurie Lee Moore. Laurie Barrett appeared for the U.S. Department of Education and Rebecca Abell-Brown appeared for Laurie Lee Moore.

      Plaintiff filed a Chapter 7 petition on September 29, 2005. On the petition date she had student loans which were listed on her schedules. She then brought adversary proceedings in an attempt to obtain a hardship discharge of the student loans. She was successful with regard to a few student loans, when the alleged holders of the promissory notes failed to respond and default judgments were entered.

      She brought an adversary proceeding against ECMC, the holder of a significant amount of student loan debt. After much negotiation with ECMC, the debtor executed a promissory note to the William D. Ford Foundation for a consolidated income-contingent student loan. That note was signed on November 6, 2007. It was funded in December of 2007 and the ECMC note was paid in full by the William D. Ford Foundation loan.

      The debtor misunderstood the terms of the consolidation loan and believed that during times when she was unemployed and had no income, the amount of her payment would be reduced to zero. However, because of the actual policies in place at the time she executed the note, the repayment amount, on a monthly basis, was based upon her total family income. She is married and her husband apparently has income which was considered when determining the monthly payment amount.

      The debtor has no independent income of her own. When she discovered the problem with the monthly payments, she amended the adversary proceeding to include the United States Department of Education in an attempt to discharge the William D. Ford Federal Direct Loan in the Chapter 7 bankruptcy.

The United States has filed a motion to dismiss for the reason that the loan was incurred post-petition and is therefore not subject to discharge in the Chapter 7 case.

The Bankruptcy Code at 11 U.S.C. § 727(b) provides for the discharge of debts that arose before the date of the order for relief. Even though this debtor had student loan debts on the petition date, the particular debt which she now desires to discharge is one based upon a promissory note executed after the petition date. Precedent in the Eighth Circuit mirrors the statute. In the cases of Bush v. Taylor, 912 F.2d 989, 993 (8th Cir. 1990), and Arleaux v. Arleaux (In re Arleaux), 149 F.3d 1186 (8th Cir. 1998) (unpublished decision), the court made clear that a Chapter 7 discharge discharges the debtor from debts that arose before the date of the order for relief, not from post-petition obligations.

IT IS ORDERED that the motion to dismiss, Filing #42, is granted.

DATED:   June 24, 2008

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    Rebecca Abell-Brown
    *Laurie Barrett
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.